
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30301 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00033-JLR-2 |
| v. | |
| ROY SCOTT FRITTS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted February 2, 2015[**]
Seattle Washington

Before: BEA and MURGUIA, Circuit Judges, and KOBAYASHI, District
Judge.[***]

Roy Scott Fritts appeals his conviction and sentence for conspiracy to

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Leslie E. Kobayashi, District Judge for the U.S.
District Court for the District of Hawaii, sitting by designation.

assault a federal officer, and assault on a federal officer with a dangerous weapon, in violation of 18 U.S.C. §§ 111(a)(1), (b), 371. Fritts contends that the district court erred in admitting opinion testimony, commenting on the evidence to the jury, and requiring Fritts to appear for sentencing in shackles. We affirm.

The district court did not abuse its discretion in permitting fellow inmate Garrett Riser to testify that Fritts was "standing watch" during the assault of Officer Manual Maxwell because the court reasonably concluded that defense counsel "opened the door" to that opinion during her opening statement. *See United States v. Osazuwa*, 564 F.3d 1169, 1175–76 (9th Cir. 2009). Even if the district court had erred, in light of the ample evidence of Fritts' involvement in the assault, including surveillance video and the testimony of multiple witnesses, we would conclude that the error was harmless. *See United States v. Gadson*, 763 F.3d 1189, 1208 (9th Cir. 2014).

The district court did not commit plain error in commenting on the evidence since the comment did not create an appearance of partiality, *In re Hanford Nuclear Reservation Litig.*, 534 F.3d 986, 1015 (9th Cir. 2008), and the court gave numerous curative instructions, *United States v. Morgan*, 376 F.3d 1002, 1008 (9th Cir. 2004). Moreover, due to the overwhelming evidence of Fritts' guilt, there is no "'reasonable probability that but-for the error claimed, the result of the

2

proceeding would have been different.'" *United States v. Kyle*, 734 F.3d 956, 966 (9th Cir. 2013) (alteration omitted) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 81–83 (2004)).

The district court did not abuse its discretion in permitting Fritts to appear for his sentencing before the court in shackles. *Spain v. Rushen*, 883 F.2d 712, 716 (9th Cir. 1989). The district court's decision was based on the security recommendation of the United States Marshals, in light of Fritts' history of violence against public officials. *United States v. Howard*, 480 F.3d 1005, 1013–14 (9th Cir. 2007). Further, Fritts does not argue that he suffered any prejudice as a result of the restraints.

**AFFIRMED**.